Case No.    **CV 19-2729-JFW(PLAx)**                 Date: April 29, 2019

Title:     Mary Boghozian -v- Jaguar Land Rover North America, LLC

**PRESENT:**

     HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

      On March 6, 2019, Plaintiff Mary Boghozian ("Plaintiff") filed a Complaint against Defendant Jaguar Land Rover North America, LLC ("Defendant") in Los Angeles Superior Court. On April 10, 2019, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the parties invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857; *see also Bradford v. Mitchell Bros. Truck Lines*, 217 F.

Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient").  This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship.  *See, e.g., Leon v. Gordon Trucking, Inc.,* 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); *see also Cretian v. Job1USA, Inc.,* 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal") (internal quotation marks omitted).

In this case, Defendant alleges that it is "a single-member limited liability company," and it "is a subsidiary of Jaguar Land Rover Limited, a British company, which is in turn a subsidiary of Tata Motors Limited, an Indian company."  Notice of Removal, ¶ 10.  Even if the Court assumes that by alleging that it is a subsidiary of Jaguar Land Rover Limited, Defendant intended to allege that Jaguar Land Rover Limited is Defendant's sole member, Defendant failed to adequately allege its member's citizenship because it failed to allege what form of entity Defendant's member is.  *See, e.g., Parse v. Those Certain Underwriters At Lloyd's London,* 2014 WL 12561586, at *2 (N.D. Cal. Mar. 4, 2012) ("The notice [of removal] alleges that these are 'entities' organized under the laws of the United Kingdom with their principal place of business in London, England.  If the entities are corporations, then the allegations are sufficient to allege that Lloyd is a citizen of England.  If, however, the entities are partnerships or another form of unincorporated association, then such allegations are not sufficient to show that there is complete diversity between the parties . . . Because it is unclear what type of entity the syndicate is, the court cannot determine its citizenship based upon the current pleadings") (footnote omitted).  As a result, Defendant has failed to adequately allege its own citizenship, and, thus, Defendant has failed to satisfy its burden of demonstrating that diversity jurisdiction exists over this action.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.